O

JS - 6

cc: order, docket, remand letter to
Los Angeles Superior Court, South District, San Pedro, No. NC056768

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA BLOUNT aka SANDRA CASTRO, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>CITY OF LOS ANGELES, <br><br>　　　　Defendant. | Case No. CV 13-01402 DDP (FFMx) <br><br>**ORDER REMANDING ACTION** |

On October 28, 2011, Plaintiff Sandra Blount filed a complaint in state court for negligence, assault and battery, and violation of civil rights under California Civil Code § 52.1. On February 26, 2013, Defendant City of Los Angeles filed a Notice of Removal of Action, asserting that it was "filed with this Court within 30 days after Defendant CITY OF LOS ANGELES was served with a copy of Los Angeles Superior Court's Minute Order delineating, for the first time, federal causes of action in Plaintiff's Complaint on February 19, 2013, and therefore, gives federal jurisdiction to this Court."

///

1      Under 28 U.S.C. § 1446, defendants have thirty days to file a
2 notice of removal.  The thirty-day period is only triggered,
3 however if (1) "the case stated by the initial pleading is
4 removable on its face," or (2) defendant receives "'a copy of an
5 amended pleading, motion, order, or <u>other paper</u>' from which
6 removability may first be ascertained."  <u>Id</u>. at 1224-25 (emphasis
7 added) (citing <u>Harris v. Bankers Life & Cas. Co.</u>, 425 F.3d 689 (9th
8 Cir. 2005).  "The removal statute is strictly construed, and any
9 doubt about the right of removal requires resolution in favor of
10 remand."  <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241,
11 1244 (9th Cir. 2009).
12      Defendant appears to consider the Superior Court Order to be
13 an "other paper" from which removability could be ascertained.  The
14 court disagrees.  Courts in this district have recognized that
15 "other paper" is a broad term.  <u>See</u> <u>Rice v. Equifax Info. Services,</u>
16 <u>LLC</u>, 2010 WL 128369 *2 (C.D. Cal 2010).  Responses to requests for
17 admissions, for example, clearly constitute "other paper."  <u>Id</u>.;
18 <u>see</u> <u>also</u> <u>Falahee v. Heide and Cook Ltd.</u>, 2010 WL 3001918 *3 (D.
19 Hawai'i 2010).  Depositions also qualify as other paper.  <u>Riggs v.</u>
20 <u>Continental Baking Co.</u>, 678 F.Supp. 236, 238 (N.D. Cal. 1988).
21 Indeed, courts in this circuit have suggested that all "formal
22 discovery," including "a deposition, interrogatory, or request for
23 admission" meets the definition of "other paper."  <u>Lillard v. Joint</u>
24 <u>Med. Products</u>, 1995 WL 20609 *3 (N.D. Cal. 1995).
25      Judge Ross's Order does not qualify as an "other paper" from
26 which removability could be ascertained because it does not in any
27 way change or supplement the facts of the case as they were known
28 to Defendant at the time the Complaint was filed.  Removal is

2

therefore untimely, since the Notice of Removal was filed more than 15 months after the Complaint.

For these reasons, the court REMANDS the action to state court.

In addition, the MOTION TO AMEND COMPLAINT FILED BY PLAINTIFF SANDRA BLOUNT (DOCKET NUMBER 11) is vacated.

IT IS SO ORDERED.

Dated: June 7, 2013

DEAN D. PREGERSON
United States District Judge

3